Daniel J. LYONS, d/b/a Ludlow Service Station, Plaintiff–Appellant,

v.

MOBIL OIL CORPORATION, Defendant–Appellee.

No. 1195, Docket 89–7190.

United States Court of Appeals, Second Circuit.

Argued May 22, 1989.

Decided Sept. 6, 1989.

Richard W. Farrell, Farrell & Barr, Stamford, Conn., for plaintiff-appellant.

Edward C. Duckers, Washington, D.C. (Andrew J. Kilcarr, Hogan & Hartson, Washington, D.C., of counsel), for defendant-appellee.

Before VAN GRAAFEILAND, MESKILL and WINTER, Circuit Judges.

WINTER, Circuit Judge:

This appeal concerns the lawfulness of Mobil Oil Corporation's termination of a service station franchise agreement under the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801–2806 (1982) ("PMPA"), because of the failure of the franchisee to operate on a 24–hour basis. We hold that the franchise was validly terminated.

## BACKGROUND

The material facts are largely undisputed. Plaintiff Daniel J. Lyons has been a Mobil franchisee at a busy location in Norwalk, Connecticut since 1979. In early 1985, Mobil offered to spend $120,000 renovating Lyons' gasoline station in exchange for his agreement to remain open 24 hours per day. Lyons orally agreed.

On June 25, 1985, while the renovations were proceeding, Mobil presented Lyons with franchise renewal documents. These included a provision committing Lyons to operate 24 hours per day. Lyons did not sign them at this time. At about the same time, Mobil complained to Lyons about his failure to operate around the clock, as he had orally agreed. Lyons said that he would begin 24–hour operation on August 15, but when that date arrived he reneged on his promise, pleading the advice of his attorney and the lack of adequate labor. In fact, however, he had received over 25 applications for the late-night shift.

On October 15, 1985, shortly after Mobil representatives presented Lyons with profitability data on 24–hour operation and promised to spend an additional $40,000 on the station to expand the snack shop, Lyons signed the renewal agreement containing the 24–hour provision. Lyons' lawyers sent the signed agreement to Mobil with a cover letter stating that Lyons had agreed to "give the 24–hour prospect a

chance." Mobil responded that it expected Lyons to fulfill his contractual obligation.

Except perhaps for two days in December 1985, Lyons never attempted to operate the station 24 hours per day, a matter on which his deposition testimony was untruthful. Mobil repeatedly reminded Lyons of his obligation and provided further aid, for example by relocating his safe, to facilitate 24–hour operation. Lyons, however, remained steadfast in refusing to comply with the franchise agreement.

After Mobil notified Lyons that his franchise would be terminated, Lyons brought the present action in the District of Connecticut, and Mobil counterclaimed. The district court denied Lyons' motion for partial summary judgment and granted Mobil's motion for partial summary judgment. Lyons appeals from both rulings.

## DISCUSSION

Lyons' principal ground for appeal involves Section 2802(b) of the PMPA, the pertinent portions of which are set out in the margin.[1] Lyons correctly argues that the district court employed a subjective standard in determining that the franchise provisions were "reasonable" within the meaning of Section 2802(b)(2)(A) of the PMPA. This was not consistent with our decision in *Darling v. Mobil Oil Corp.*, 864 F.2d 981 (2d Cir.1989), which was decided after the district court's ruling but before this appeal was heard. Whether that error is of consequence seems doubtful where, as here, a franchisee has agreed to 24–hour operation in return for the franchisor's spending $160,000 on renovations. We need not reach that issue, however, because termination was justified in the alternative under Section 2802(b)(2)(B).

In *Mobil Oil Corp. v. Karbowski*, 879 F.2d 1052, 1053 (2d Cir.1989), a case decided after argument of this appeal, we held

---

**1.** The pertinent provisions read:
 (b) Precondition and grounds for termination or nonrenewal
 ....
 (2) For purposes of this subsection, the following are grounds for termination of a franchise or nonrenewal of a franchise relationship:

(A) A failure by the franchisee to comply with any provision of the franchise, which provision is both reasonable and of material significance to the franchise relationship, ...
(B) A failure by the franchisee to exert good faith efforts to carry out the provisions of the franchise....
15 U.S.C. § 2802(b) (1982).

that Section 2802(b)(2)(B) of the PMPA permits termination when the franchisee has failed "to exert good faith efforts to carry out the provisions of the franchise," whether or not the franchise provisions are objectively reasonable under *Darling*. Like the instant case, *Karbowski* involved a lack of any effort, much less a good faith effort, by the franchisee to comply with a 24–hour requirement. We held there that the failure to make such an effort justified termination of the franchise agreement under Section 2802(b)(2)(B), even though the district court had, as here, in a pre-*Darling* decision, applied a subjective reasonableness standard under Section 2802(b)(2)(A). *See* 879 F.2d at 1054, 1056.

Even if the two days of 24–hour operation occurred in December 1985, they hardly constitute "good faith efforts" by Lyons to comply with the franchise agreement. Although he had agreed to operate on a 24–hour basis in order to have his service station renovated, he appears never to have seriously intended 24–hour operation. If

anything, the record demonstrates bad faith on his part. Mobil therefore rightfully terminated the franchise agreement under Section 2802(b)(2)(B) of the PMPA.

 In a desperation argument, Lyons claims that his purported reliance on the Connecticut Gasoline Dealers Act, Conn. Gen. Stat. §§ 42–133j–42–133n (1987), which limits a franchisor's power to impose a 24–hour operation requirement,[2] fulfills his obligations under Section 2802(b)(2)(B). He concedes that the PMPA expressly preempts the Connecticut statute, as we held in *Darling*, 864 F.2d at 988.[3] Nevertheless, he contends that he was entitled to rely upon the Connecticut statute until it was formally invalidated[4] and claims that he was so advised by his attorney. This, he concludes, is sufficient to establish his good faith for purposes of Section 2802(b)(2)(B).

Putting aside the fact that the advise of counsel had no basis whatsoever in law,[5]

**2.** The statute provides in pertinent part:
 (e) No franchisor shall terminate, cancel or fail to renew a franchise for the failure or refusal of the franchisee to do any of the following: ...
 (4) refusal to keep the premises open and operating during those hours which are documented by the franchisee to be unprofitable to the franchisee or to preclude franchisee from establishing his own hours of operation beyond the hour of 10:00 p.m. and prior to 6:00 a.m.; ...
Connecticut Gasoline Dealers Act, Conn. Gen. Stat. § 42–133*l*(e) (1987).

**3.** The PMPA preemption provision reads in pertinent part:
 (a) To the extent that any provision of this subchapter applies to the termination ... of any franchise, ... no State or any political subdivision thereof may adopt, enforce, or continue in effect any provision of any law or regulation ... with respect to termination ... of any such franchise ... unless such provision of such law or regulation is the same as the applicable provision of this subchapter. 15 U.S.C. § 2806(a) (1982).

**4.** After *Darling* was decided during the pendency of this appeal, Lyons appears to have begun 24–hour operation.

**5.** According to Lyons' brief in this court, this advice appears to have been based on a 19th-century case, *State v. Carroll*, 38 Conn. 449 (1871), and several decisions of the Supreme

Court of Arizona, *see, e.g., Selective Life Ins. Co. v. Equitable Life Assurance Soc'y*, 101 Ariz. 594, 422 P.2d 710 (1967) (en banc), *Austin v. Campbell*, 91 Ariz. 195, 370 P.2d 769 (1962), *Texas Co. v. State*, 31 Ariz. 485, 254 P. 1060 (1927), holding that state citizens have a right to rely on state statutes unless and until they are repealed or declared unconstitutional. Whatever merits that proposition might have in other circumstances, it has no place in a case involving explicit preemption by federal legislation. It is self-evident that when Congress enacts a provision such as Section 2806(a), *see* Note 3 *supra*, the effective date of that provision is not delayed until preempted state legislation is formally declared unconstitutional by a court. The Connecticut statute was therefore preempted upon the passage of the PMPA in 1978, and Lyons had no right to rely on the Connecticut statute after that time.

Finally, even assuming the validity of the Connecticut statute at the time of the discussions between Lyons and Mobil concerning renovation and 24–hour operation, the statute purports only to prohibit a unilateral imposition of a 24–hour requirement by Mobil. Thus, although Lyons might have been able to use the Connecticut statute (assuming its validity) as a shield in refusing to enter into the agreement, once he had agreed to 24–hour operation in return for the renovation he was not relieved by the Connecticut statute of the obligations he had freely undertaken.

Section 2802(b)(2)(B) requires not good faith in a franchisee's heart and mind while breaching the agreement but good faith in attempting to comply with it. Good faith in non-compliance is, therefore, simply not enough, and Lyons' purported reliance on the Connecticut statute is irrelevant.

Affirmed.